IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JASON LARGE,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHELLE PIERCE and LUND MANUFACTURING COMPANY, INC.,<br><br>    Defendants. | No. C15-1025<br><br>ORDER COMPELLING DISCOVERY AND FOR SANCTIONS |

This matter comes before the Court on the Joint Motion to Compel and for Sanctions (docket number 12) filed by Defendants Michelle Pierce and Lund Manufacturing Company, Inc. ("Lund") on January 6, 2016, the Partial Resistance (docket number 13) filed by Plaintiff Jason Large on January 20, and the Joint Reply (docket number 14) filed by Pierce and Lund on January 26. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS

On September 2, 2015, Lund's attorney, Joseph H. Laverty, noticed the deposition of Plaintiff for October 30, 2015, at the office of Plaintiff's attorney. The parties subsequently agreed to reschedule the deposition for November 13, 2015, and Lund served an amended notice of deposition on September 21.

On November 12, 2015 at 3:23 p.m. — the afternoon prior to the scheduled deposition — Plaintiff's attorney, Christopher C. Fry, sent an email to Mr. Laverty and Pierce's attorney, Thomas D. Wolle, asking that the deposition scheduled on the following day be delayed. Mr. Fry reported that he "just got a message from Jason Large advising that his father had a heart attack this afternoon and is in serious condition." Both

Mr. Wolle and Mr. Laverty agreed to the delay, with Mr. Wolle adding that he "[w]ould like to get it in before Thanksgiving if we can." Mr. Laverty stated "I'm fine with it as long as we get confirmation from the hospital." Mr. Fry responded, stating "I've asked Jason ask [sic] to get a note from the hospital stating he was there." Mr. Laverty responded that a note from the hospital "would be fine."

The parties subsequently agreed that the deposition of Plaintiff would be taken at Mr. Fry's office on December 14, 2015, and an amended notice of deposition was served. When counsel arrived for the deposition on December 14, however, Mr. Fry advised Mr. Wolle and Mr. Laverty that Plaintiff had left a voice mail at 8:00 p.m. on the prior evening, stating "he would not be able to make it to his deposition." Plaintiff did not appear for the deposition.

## II. DISCUSSION

In their joint motion, Defendants ask that Plaintiff be ordered to appear for his deposition, or face appropriate sanctions. In addition, Defendants ask the Court to order Plaintiff to pay the expenses, including attorney fees, incurred in preparing for the depositions on November 13 and December 14, and attending the scheduled deposition on December 14. In his "partial resistance," Plaintiff agrees that an order may enter compelling him to appear for a deposition. Plaintiff also concedes that "any fees and expenses related to the making of a record of his non-appearance on December 14, 2015 were caused by his failure to appear, and therefore could be awarded as sanctions should the Court find such an award to be just."[1] Plaintiff objects, however, to an award of attorney fees associated with "preparing" for the depositions or attending the aborted deposition on December 14.

If a party fails to appear for that person's deposition, the court may order sanctions. FED. R. CIV. P. 37(d)(1)(A)(i). The sanctions may include any of the alternatives set forth

---

[1] Plaintiff's Partial Resistance (docket number 13) at 3, ¶ 12.

2

in RULE 37(b)(2)(A)(i)-(vi). The RULES also provide for an award of reasonable expenses in appropriate cases.

> Instead of or in addition to these sanctions [found in RULE 37(b)(2)(A)(i)-(vi)], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(d)(3). "RULE 37, interpreted consistent with its purposes, authorizes an award encompassing 'all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.'" *Comiskey v. JFTJ Corp*, 989 F.2d 1007, 1012 (8th Cir. 1993) (quoting *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987)).

The first scheduled deposition (November 13, 2015) was called off the day before when Plaintiff reported that he was "on his way" to visit his father, who had allegedly suffered a heart attack that afternoon. At Mr. Laverty's request, Mr. Fry asked Plaintiff to get a "note" from the hospital confirming that Plaintiff was there. Plaintiff has still failed to provide such proof, although Plaintiff suggests in his resistance that "[p]roof that Plaintiff's father had a medical condition and was hospitalized on November 12, 2015 will be provided if required by the Court."[2]

Because the November 13 deposition was called off the day before, neither Mr. Wolle nor Mr. Laverty traveled to Mr. Fry's office for the scheduled deposition. Nonetheless, Mr. Wolle asks that his client be awarded $1,665, representing his preparation for the scheduled November 13 deposition. Similarly, Mr. Laverty asks that his client be awarded $2,420 for the same reason. Courts which have addressed this issue have uniformly concluded that attorney time incurred in preparation for a deposition is not compensable, even if the party fails to appear, because it would have been incurred

---

[2] Plaintiff's Partial Resistance (docket number 13) at 2, ¶ 5.

3

whether or not the party appeared for the deposition. *See, e.g., Genoa National Bank v. Odette* 2012 WL 1079151 (D. Neb.) ("GNB would have incurred expenses preparing for an attending Odette's scheduled deposition even if Odette had appeared."); *Greenleaf Compaction, Inc. Able Waste, LLC,* 2011 WL 5546268 (M.D. La.) ("Any costs or attorneys' fees claimed in preparation for the deposition are not recoverable."). Accordingly, the Court finds that Defendants are not entitled to recover costs associated with their attorneys preparing for the scheduled November 13 deposition.

After the November 13 deposition was called off, the parties agreed that the deposition would be held on December 14. Mr. Wolle and Mr. Laverty traveled from Cedar Rapids and Davenport, respectively, to Dubuque for that purpose. When they arrived, however, they were told by Mr. Fry that Plaintiff left a voice mail at 8:00 p.m. on the prior evening, stating "he would not be able to make it." Defendants ask that they be awarded attorney fees associated with additional preparation time and travel time, plus expenses. According to Mr. Wolle's declaration (Exhibit 9), he incurred an additional six hours in "preparing for and traveling to the deposition." Similarly, Mr. Laverty states in his declaration that an additional ten hours "was spent in preparing for and traveling to the deposition."

For the reasons set forth above, I do not believe Defendants are entitled to reimbursement of attorney fees associated with counsel preparing for the December 14 deposition, *based on Plaintiff's failure to appear on December 14*. That is, the cases hold generally that when a party fails to appear for his deposition, attorney fees claimed in preparation for the deposition are not recoverable. Similarly, the travel expenses would not be compensable. *See Makohoniuk v. Central Credit Services, Inc.*, 2010 WL 3633862 (S.D. Iowa) ("Expenses Defendants incurred traveling to and from the aborted deposition were not caused by the failure [of the party to appear at the deposition] and therefore are not compensable.").

However, December 14 was *not* Plaintiff's first failure to appear. The scheduled deposition on December 14 was necessary because Plaintiff called off his deposition on November 13. That is, the preparation expenses incurred for the December 14 deposition were caused by the failure of the November 13 deposition to go forward as scheduled. *If* Plaintiff's failure to appear on November 13 was substantially justified, then the expenses incurred on December 14 are not recoverable. If Plaintiff's failure to appear on November 13 was *not* substantially justified, however, then the December 14 expenses which were reasonably incurred as a result of Plaintiff's unjustified failure to appear on November 13 are recoverable as a sanction under RULE 37(d).

In his resistance, Plaintiff states that proof of his father's medical condition and hospitalization on November 12 will be provided "if required by the Court." The Court does require such documentation. Not later than 14 days following the entry of this Order, Plaintiff must file under seal proof of his father's hospitalization on November 12, 2015. If such proof is provided, then the expenses incurred by Defendants for the aborted deposition on December 14 are not recoverable, with the exception of a bill from the court reporter in the amount of $35.30. If appropriate documentation is not filed, then the reasonable expenses associated with the aborted December 14 deposition — incurred as a result of Plaintiff's unjustified failure to appear on November 13 — will be awarded. Specifically, judgment would enter against Plaintiff and in favor of Defendant Pierce in the amount of $1,190.50, and judgment would enter against Plaintiff and in favor of Defendant Lund in the amount of $2,069.

In either event, Defendants will be entitled to appropriate sanctions for the reasonable expenses incurred when Plaintiff's deposition is rescheduled. It is undisputed that Plaintiff's failure to appear for his deposition on December 14 was not "substantially justified." Accordingly, the expenses to be incurred by Defendants in taking Plaintiff's deposition are "caused" by Plaintiff's failure to appear on December 14. These expenses will presumably include *reasonable* additional preparation, travel time, and travel

5

expenses. They will not include time incurred in actually taking the deposition or the court reporter fee, because those would have been incurred by Defendants even if Plaintiff had appeared initially as required. If the parties are unable to agree on an appropriate sanction, then Defendants may make an additional application in this regard.

## ORDER

IT IS THEREFORE ORDERED that the Joint Motion to Compel and for Sanctions (docket number 12) is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff is ordered to appear for his deposition at a date and time mutually agreed upon by counsel, but not later than **March 19, 2016**. *If Plaintiff fails to appear at the agreed time and place, then the Court may order appropriate sanctions pursuant to RULE 37(b)(2)(A)(i)-(vi) upon further application of Defendants.*

2. Not later than **fourteen (14) days** following the entry of this Order, Plaintiff must file under seal appropriate documentation establishing his father's hospitalization on November 12, 2015.

3. As a sanction for his failure to appear at the deposition on December 14, 2015, Plaintiff must pay the Simmons Perrine Law Firm the sum of Thirty Five Dollars thirty cents ($35.30), representing a court reporter fee incurred on December 14, 2015. This amount must be paid not later than **thirty (30) days** following the entry of this Order.

DATED this 19th day of February, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA